Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MUHAMMAD FAHD,<br><br>Defendant. | NO.   CR17-0290RSL<br><br>[PROPOSED] PROTECTIVE ORDER |

This matter, having come before the Court on a Stipulated Motion for Entry of a Protective Order, the Court hereby enters the following order:

**PROTECTIVE ORDER**

1. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above captioned case.

2. The "Defense Team" shall be limited to attorneys of record for the defendant and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting computer forensic experts, and legal assistants. For purposes of this Order, the "Defense

Team" does not include Defendant. Defendant's attorneys shall inform any member of the Defense Team to whom disclosure of discovery material is made of the existence and terms of this Protective Order. Members of the Defense Team shall not provide copies of any discovery material to any persons outside of the Defense Team other than the Defendant.

3. Any discovery material produced by the United States shall only be used for the purpose of preparing a defense to the charges in this action, and not for any literary, commercial, or other purpose. Members of the Defense Team may review discovery material with witnesses for purposes of trial preparation. The Defense Team is aware that some of the discovery material may contain malware and other pernicious files.

4. The discovery in this case is voluminous, and many of these materials and documents include (1) personally identifiable information (PII); (2) "electronic contraband"; and (3) "law enforcement sensitive" materials related to ongoing investigations.

    a. PII includes, but is not limited to, information such as such as payment card numbers, cell phone IMEI numbers, Social Security numbers, driver's license numbers, dates of birth, addresses, email addresses, mothers' maiden names, passwords, financial lines of credit numbers, bank account numbers, and personal identification numbers.

    b. "Electronic contraband" shall mean malware and surveillance files generated by the malware, account numbers and passwords, vulnerabilities, internal network information, and non-public IP addresses of servers which contain, or which there is a reasonable basis to believe contain, any of the information, files or data described above.

    c. "Law enforcement sensitive" materials include communications, reports, and other materials that relate to ongoing investigations or ongoing matters occurring before the grand jury, in addition to statements given by any cooperating witnesses, and documents evincing any agreement to cooperate by any such witnesses.

5. Redacting the discovery to delete the above material would unnecessarily delay the disclosure of discovery to the defendant and would frustrate the intent of the discovery process.

6. Discovery material designated by the government as "Protected Material" may only be possessed by the Defense Team. The "Protected Material" designation shall only be used to limit the distribution of discovery containing PII, electronic contraband, or law enforcement sensitive material. The Defense Team may not provide copies of Protected Material to any other person, including Defendant. This order, however, does not prohibit the Defense Team from discussing or reviewing Protected Material with Defendant or prospective witnesses.

7. The government shall designate material as "Protected Material" by stamping the material as "Protected Material", or by providing the Defense Team with written identification of discovery materials that constitute "Protected Material." When possible, this written identification shall include the Bates number or file name for any material being designated as "Protected Material."

8. If the Defense Team disagrees with the designation of any material as "Protected Material," it shall notify the government in writing of the disagreement, identify with particularly each document and file at issue, and state the basis for the challenge.

9. The Defense Team, at any time after attempting to resolve the matter by agreement with the government, may apply by motion to the Court for a ruling that information designated as "Protected Material" is not entitled to protected treatment under this Order. Any such motion must identify with particularly each document and file at issue, and state the basis for the challenge.

10. Upon conclusion of this action, the Defense Team shall return to the government or destroy, and certify the destruction of, all discovery material. The Defense Team shall complete this process within a reasonable time, not to exceed 30 days after the conclusion of the last appeal.

11. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

12. Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendants that are different from those imposed by

case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

DATED this 5th day of September, 2019.

*Robert S. Lasnik* (signature)

ROBERT S. LASNIK
United States District Judge

Presented by:

*s/ Francis Franze-Nakamura*
ANDREW S. FRIEDMAN
FRANCIS FRANZE-NAKAMURA
Assistant United States Attorneys

ANTHONY TEELUCKSINGH
Trial Attorney
Computer Crime and Intellectual Property Section

PROTECTIVE ORDER
*United States v. Fahd*, CR17-0290RSL - 4