UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMAD FAHD,<br><br>Defendant. | Case No. CR17-290RSL<br><br>ORDER ON MOTION FOR<br>FED. R. CRIM. P. 44(c)<br>INQUIRY |

This matter comes before the Court on the government's "Motion for Fed. R. Crim. P. 44(c) Inquiry." Dkt. # 65. On July 8, 2021, the Court held a hearing on the government's motion.[1] Having reviewed the memoranda of the parties and the record contained herein, the Court finds as follows:

### I.   BACKGROUND

Mr. Fahd is currently represented by Stephan Illa and Peter Camiel. The government's motion pertains to the propriety of Mr. Camiel continuing as counsel for Mr. Fahd where Mr. Camiel had previously represented Mr. Jiwani, a deceased co-defendant in this matter. Mr. Fahd and Mr. Jiwani had been arrested in Hong Kong and detained on U.S. charges, and they were both represented by an attorney in Hong Kong for their extradition proceedings. Dkt. # 66 at 1–2. In February of 2018, at the request of this Hong Kong attorney, Mr. Camiel agreed to

---

[1] The hearing was conducted via Zoom video conferencing and defendant appeared remotely per his request for a video hearing and waiver of his physical presence. Dkts. # 73–74.

ORDER ON MOTION FOR
FED. R. CRIM. P. 44(c) INQUIRY - 1

represent Mr. Jiwani in the event he was extradited to the United States, which ultimately never occurred because Mr. Jiwani died while in custody in Hong Kong. Id. at 2–3. Mr. Camiel had no role in representing Mr. Jiwani in the extradition proceedings that took place in Hong Kong. Id. at 2. In May of 2018, Mr. Camiel learned of Mr. Jiwani's death, and Mr. Camiel had no further involvement in Mr. Jiwani's case. Id. at 3. Mr. Camiel never communicated with Mr. Jiwani and the only materials related to the case that he received were some of the extradition materials filed in the Hong Kong court that related to both defendants (i.e., non- privileged materials). Id. at 2. Mr. Camiel confirmed the facts above during the Court's hearing and shared that he was essentially a "placeholder" attorney in the event Mr. Jiwani was extradited, which never happened. The government ultimately dismissed the charges against Mr. Jiwani. Id. at 7.

Mr. Fahd was extradited to the United States in August of 2019. Id. at 3. Mr. Illa began serving as legal counsel for Mr. Fahd on February 6, 2020. Id. On September 4, 2020, Mr. Fahd entered into a plea agreement, and on September 23, 2020, Mr. Camiel filed a notice of association indicating that he would be representing Mr. Fahd along with Mr. Fahd's lead attorney, Mr. Illa. Id. Mr. Camiel was asked "to assist in the representation of Mr. Fahd in a limited role related to the government's loss amount arguments at sentencing." Id. During the Court's hearing, Mr. Illa confirmed the limited scope of Mr. Camiel's representation.

Ultimately, the government's position is that a Rule 44(c) inquiry is needed to assess whether Mr. Camiel can continue his representation of Mr. Fahd, that a conflict likely exists in this case, and that the conflict cannot be waived. Defense counsel's position is that a Rule 44(c) inquiry is inapplicable, that no conflict exists, and that Mr. Fahd has signed a conflict waiver in any event.

## II.   DISCUSSION

### A.   Applicability of Rule 44(c)

Federal Rule of Criminal Procedure 44(c) provides as follows:

(c) Inquiry Into Joint Representation.
    (1) *Joint Representation.* Joint representation occurs when:
        (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and

      (B) the defendants are represented by the same counsel, or counsel who are associated in law practice.

  (2) *Court's Responsibilities in Cases of Joint Representation.* The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

  Here, Mr. Fahd and Mr. Jiwani were charged jointly in the above-captioned matter, but the charges against Mr. Jiwani were dismissed after his death. The defendants are not currently represented by the same counsel because Mr. Camiel's "placeholder" representation of Mr. Jiwani ended before it really began and Mr. Camiel's representation of Mr. Fahd did not begin until more than two years later. The Court therefore concludes that the circumstances here do not involve "joint representation" contemplated by Rule 44(c).[2] To the extent Rule 44(c) does apply, the Court finds that there is good cause to believe that no conflict is likely to arise. The Court held a hearing during which it inquired as to the propriety of the representation at issue, which is analyzed in the following section.

**B. Conflict Analysis**

  The government asserts that there is a serious risk of actual or potential conflict in this case related to Mr. Camiel's duties of loyalty and confidentiality to Mr. Jiwani. Defense counsel disputes the government's assertions.

---

[2] The government cites United States v. Stites, 56 F.3d 1020 (9th Cir. 1995), for its position that Rule 44(c) does apply. Although the Ninth Circuit used the Rule 44(c) standard in evaluating how to apply the presumption "that a criminal defendant may have counsel of his choice if he can pay for it and counsel is willing," the Ninth Circuit did not specifically hold that Rule 44(c) applies to successive representation. Stites, 56 F.3d 1020, 1024. Moreover, the present case is distinguishable because the attorney in Stites sought to represent the jointly charged brother of a former client after the attorney had represented that client during the plea agreement and sentencing stages. Id. at 1023. Mr. Camiel never communicated with Mr. Jiwani and served only as a "placeholder" representative in the event Mr. Jiwani was extradited, which never occurred. Given that charges against Mr. Jiwani have been dismissed, it seems incongruent to require the "joint representation" inquiry under these particular circumstances.

ORDER ON MOTION FOR
FED. R. CRIM. P. 44(c) INQUIRY - 3

Per Washington Rule of Professional Conduct ("RPC") 1.7(a), a concurrent conflict of interest exists if "the representation of one client will be directly adverse to another client"; or "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Per RPC 1.9(a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client,"[3] absent informed consent of the former client. "In successive representation, conflicts of interest arise if an attorney reveals privileged communications of the former client, or otherwise divides his loyalties so that he is incapable of diligently representing his client." United States v. Wheat, 813 F.2d 1399, 1402 (9th Cir. 1987), aff'd, 486 U.S. 153 (1988) (citing Trone v. Smith, 621 F.2d 994, 998–99 (9th Cir. 1980)).

With respect to the duty of loyalty, the government asserts that there is a clash of interests between Mr. Fahd and Mr. Jiwani because, during the course of Mr. Fahd's extradition proceedings in Hong Kong, Mr. Fahd filed a sworn statement blaming Mr. Jiwani for being the mastermind behind the conspiracy. Dkt. # 65 at 4–5. Defense counsel responds that this is "not a real issue" because "Mr. Fahd is making no such claim before this court" and does not intend to make such an argument at sentencing. Dkt. # 66 at 9. Mr. Illa reiterated this point during the Court's hearing. The Court agrees with defense counsel that the interests of Mr. Fahd and Mr. Jiwani are not directly adverse nor materially adverse here, nor will Mr. Camiel's representation be materially limited. The charges against Mr. Jiwani have been dropped and Mr. Fahd's sentencing arguments will not involve deflecting blame for the conspiracy upon Mr. Jiwani.

As for the duty of confidentiality, the government cites the principle that "the possibility of the breach of confidence, not the fact of the breach . . . triggers disqualification." Trone, 621 F.2d at 999. In the case the government relies upon, however, there was no dispute that the

---

[3] The parties do not dispute that the co-defendants here were involved in the "same or a substantially related matter." Dkt. # 66 at 8.

ORDER ON MOTION FOR
FED. R. CRIM. P. 44(c) INQUIRY - 4

attorney's representation would be adverse to his former client. Id. at 996, n.2. The same is not true in this matter. Moreover, in contrast to the firm at issue in Trone v. Smith, where the Ninth Circuit concluded that a reasonable probability existed that the former client "relayed confidential information" to the firm's attorneys, Trone, 621 F.2d at 999, Mr. Camiel's "placeholder" representation was such that he had no direct communications with the former client. The Court finds that there is not a significant risk that the duty of confidentiality Mr. Camiel owes Mr. Jiwani will materially limit Mr. Camiel's representation of Mr. Fahd.

The Court finds that there is good cause to believe that no conflict of interest is likely to arise per Rule 44(c)(2), that Mr. Camiel's representation of Mr. Fahd, and prior representation of Mr. Jiwani, does not involve a concurrent conflict of interest under RPC 1.7, nor does it violate RPC 1.9. Although the Court is convinced that there is no need for Mr. Fahd to submit a waiver here, defendant filed a waiver reflecting that he consulted with his defense counsel about potential conflicts of interest. Dkt. # 66-1. During the Court's hearing, the Court inquired of Mr. Fahd whether he was comfortable with Mr. Camiel proceeding as his attorney, given his prior representation of Mr. Jiwani. Mr. Fahd confirmed that this was his preferred course of action, and the Court finds that Mr. Fahd's waiver is knowing and voluntary.

For all of the foregoing reasons, the Court declines to disqualify Mr. Camiel from representation of Mr. Fahd.

DATED this 19th day of July, 2021.

Robert S. Lasnik
United States District Judge

ORDER ON MOTION FOR
FED. R. CRIM. P. 44(c) INQUIRY - 5