Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMAD FAHD.<br><br>Defendant. | No. CR 17 – 290 RSL<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Sentencing: September 16, 2021 – 10:00 a.m. |

**1. Defense Recommendation**

The defense recommends that Mr. Fahd be sentenced to a term of 48 months of imprisonment with no term of supervised release to follow.  By the time of the sentencing hearing, this defendant will have been in custody for over three and a half years.  When adjusted to reflect earned "good conduct time" credits, Mr. Fahd has served a sentence of close to four years.

**2.  USSG Calculations**

The defense disagrees with the USSG calculations of the government and the Probation Department.  The principal dispute concerns the appropriate **loss amount** under the guidelines.

DEFENDANT'S SENTENCING MEMORANDUM – 1

The defense has also disputed enhancements for **role in the offense** and **obstruction** on the grounds that the facts are insufficient to support them.  The disputed areas are identified here:

| USSG | USA | USPO | Defense |
|---|---|---|---|
| Base: | 7 | 7 | 7 |
| Outside USA / sophisticated means: | + 2 | + 2 | + 2 |
| Unauthorized access device: | + 2 | + 2 | + 2 |
| **Loss amount:** | **+ 26** | **+ 26** | **+ 16** |
| **Role in the Offense:** | **+ 4** | **+ 4** | **+ 2** |
| **Obstruction:** | **+ 2** | **+ 2** | **0** |
| Acceptance of Responsibility: | − 3 | − 3 | − 3 |
| **Offense Level Total:** | **40** | **40** | **26** |

The defense contends that a proper calculation yields the following results:

- Total Offense Level: 26; and
- Advisory Guideline Range: 63 – 78 months [CHC I].

Co-counsel Peter Camiel has submitted a separate memorandum and exhibits regarding the loss amount issue, and he will be prepared to argue the matter at sentencing.

The defense submits that although Mr. Fahd qualifies for a two-point upward adjustment for his role in the offense, adding additional points cannot be justified under the facts of this case.  In particular, Mr. Fahd has long pointed out that other individuals were above him in the fraudulent scheme and those people profited greatly from the fraud.  When all participants in this illegal activity are considered, Mr. Fahd's role justifies only a two-point bump.

Mr. Fahd likewise contends that there is insufficient evidence to justify an enhancement for obstruction of justice.  He submits this objection on the record for the Court's determination.

\

\

### 3. Legal Standard

The law requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with [the purposes of sentencing]." [1] This is the "primary directive" of the sentencing statute.[2] Even when the guidelines were mandatory, the Supreme Court declared, "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."[3]

In conducting that unique study in human failings, the Court must consider a number of factors, including "the history and characteristics of the defendant" and the nature and circumstances of the offense. [4] While each defendant's USSG range must be determined, the Court need not adhere to it. [5] The Court's duty is to "make its own reasonable application of the § 3553(a) factors, and to reject – after due consideration – the advice of the Guidelines" if it is inconsistent with the Court's judgment concerning what the appropriate sentence ought to be. [6]

### 4. Argument

Muhammad Fahd is ashamed to come before this Court to answer for his crimes. He is a man broken in spirit and in despair. His life is in ruins. He blindly ran after riches, stealing and spending enormous amounts of money. He acquired prestige and was admired by those around him. His days were fast and exciting. Until it all came to an end. The story of Muhammad

---

[1] 18 U.S.C. § 3553(a).
[2] United States v. Ranum, 353 F.Supp.2d 984 (ED WI 2005).
[3] Koon v. United States, 518 U.S. 81, 113 (1996).
[4] 18 U.S.C. § 3553(a)(1) & (2).
[5] United States v. Booker, 543 U.S. 220, 245 (2005).
[6] Kimbrough v. United States, 552 U.S. 85, 113 (2007) (Scalia, J., concurring).

DEFENDANT'S SENTENCING MEMORANDUM – 3

Fahd is a cautionary tale, an extended answer to the question, "For what shall it profit a man, if he shall gain the whole world, and lose his own soul?" [7]

Muhammad Fahd was born in Pakistan and was raised in a close family. He received loving care and attention from his parents and older siblings while growing up. His relatives also provided him with support throughout his life.

One day, long after reaching adulthood, Mr. Fahd learned that his family had arranged a marriage for him. The prospect of taking on the responsibilities of being a husband and a father frightened and overwhelmed him. He knew that he needed to find a way to make some money.

He got involved with internet businesses and soon discovered a way to make money that was both easy and lucrative. It was also illegal, but Mr. Fahd justified and rationalized and quickly convinced himself to make breaking the law his business model. His misconduct drew him further in to the shadow world of Internet illegality. Soon, his activities spiraled out of control – along with his illegal profits.

But even while jetting off to exotic locales and enjoying abundant luxuries, Mr. Fahd knew in his heart that he was living a lie. Contrary to what he told his wife, parents, and relatives, he knew well that he was not a successful businessman. He knew that the admiration and praise showered on him were undeserved. Worse yet, once he had made the decision to become a thief, he saw no way to go but forward. And so, carried along by currents of his own greed and pride in his faux success, his fraud grew and grew.

---

[7] Mark, 8:36 (KJV).

DEFENDANT'S SENTENCING MEMORANDUM – 4

For years, he lived a hollowed-out existence, knowing that at any moment his false world could abruptly crash around him.  And then, it did.

Muhammad Fahd was arrested in Hong Kong and held for an extended time in jail there pending extradition.  The conditions of his confinement were atrocious.  He arrived in the United States in time for the first, second, and third waves of the COVID-19 crisis.  The crisis fell especially heavily on people like Mr. Fahd, who were housed at the Federal Detention Center.  The Court is familiar with the difficult conditions prevailing at FDC throughout the pandemic.  From the date he was arrested, Mr. Fahd has been held in custody under oppressive conditions.  In fashioning a sentence for Mr. Fahd, the Court should take into account the fact that his conditions of confinement have been far more onerous than is ordinarily the case.

The Court should also take note of the fact that Mr. Fahd's immigration status will result in his deportation after his custodial sentence is served.  Deporting someone to Pakistan even in quiescent times can take several months to accomplish.  Even more time will likely be required these days, as the chaos in neighboring Afghanistan continues to disrupt the entire region.

As for Mr. Fahd, he feels deep remorse for what he has done and for the tremendous shame he has brought upon his family.  He has described his remorse and acceptance of responsibility for his crimes in a letter to the Court submitted with this memorandum. [8]  He also has shared his plans for the future and desire to finish his days as a righteous man.  With the help of his relatives, he can secure honest employment and start trying to re-build his life.

---

[8] *See* Exhibit A: Letter from Defendant to the Court.

DEFENDANT'S SENTENCING MEMORANDUM – 5

His family stands by Mr. Fahd despite his crimes.  They are appalled at what he has done, but believe he is sincerely remorseful and can reform his life.  Most of his relatives live in Pakistan, and are unable to attend the sentencing hearing in-person.   They have written letters to the Court, which have been submitted with this memorandum. [9]  They also prepared a three-minute video to introduce themselves to the Court. [10]  They want the Court to know that they will continue to support Mr. Fahd after he returns to Pakistan.

### 4.  Conclusion

A 48-month sentence is sufficient to provide adequate punishment for this defendant and satisfy each of the purposes identified in 18 U.S.C. § 3553(a).

Respectfully Submitted on September 10, 2021.

| LAW OFFICES OF STEPHAN R. ILLA | CAMIEL & CHANEY, P.S. |
|---|---|
| *[signature]* | *[signature]* |
| Stephan R. Illa | Peter A. Camiel |
| WSBA No. 15793 | WSBA No. 12596 |
| Attorney for Defendant | Attorney for Defendant |

---

[9] *See* Exhibit B: Letters from Family Members to the Court.
[10] The video is embedded on Vimo.com at https://vimeo.com/570232882/57dd01333a.  In the video, Mr. Fahd's mother, father, and a few other relatives introduce themselves and say how much they miss him.

DEFENDANT'S SENTENCING MEMORANDUM – 6