UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMAD FAHD,<br><br>Defendant. | Case No. CR17-290-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Emergency Motion to Reduce Sentence (Compassionate Release)" (Dkt. # 105); defendant's "Supplemental Brief" (Dkt. # 107); the Government's response (Dkt. # 110); defendant's reply (Dkt. # 111); and the related exhibits (Dkt. # 106). Having considered the parties' submissions[1] and the record contained herein, the Court DENIES the motion.

---

[1] The Government's "Motion for Extension of Time to File Response/Reply" (Dkt. # 109) is GRANTED. Fed. R. Civ. P. 6(b)(1). As the Government explained in its motion, the fact that defendant filed a "Supplemental Brief" twelve days before the Government's response was due led to the Government requiring "additional time to review the supplemental materials and evaluate Fahd's motion in light of this new information." Dkt. # 109. The Government's need to review new information filed by defendant constitutes good cause for an extension of time and is not, as defendant suggests, evidence

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 1

**I.    Background**

Defendant is a 40-year-old inmate currently incarcerated at FCI Beaumont Low, a low security federal correctional institution in Texas. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Dec. 15, 2025, using search name "Muhammed Fahd"). *See also* Dkt. # 110 at 5:12–14. On Sept. 4, 2020, defendant pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Dkts. # 17, # 55, # 56. The Government describes defendant's crime as follows: "From 2012 to 2017, Fahd developed, implemented, and ran a cybercriminal enterprise that illegally unlocked at least 1.9 million cellular phones from AT&T's network, causing over $200 million in losses." Dkt. # 110 at 1:15–17. On September 16, 2021, this Court sentenced defendant to 144 months (12 years) with credit for time served since his arrest on Feb. 4, 2018, plus three years of supervised release and restitution in the amount of $200,620,698. Dkt. # 86. During the sentencing hearing, the Court found that defendant was "the organizer and leader" of the conspiracy, "committed a terrible cybercrime over an extended period of time," and "had a terrible influence on people who were not prone to be criminals but couldn't resist the thought of making hundreds of thousands of dollars in what must have seemed like easy money at the time." Dkt. # 93 at 37. Defendant's projected release date is April 27, 2027. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"),

---

that the Government inexcusably neglected a deadline imposed by the Court. Dkt. # 111 at 1. In addition, this Order constitutes the Court's response to defendant's "Status Inquiry." Dkt. # 112. The Court appreciates defendant's acknowledgment of "the heavy demands on the Court's docket." *Id*.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 2

https://www.bop.gov/inmateloc/ (last visited Dec. 15, 2025, using search name "Muhammed Fahd"). *See also* Dkt. # 110 at 5:12–14.

## II.     Defendant's Motion for Compassionate Release

On Aug. 28, 2025, defendant filed an "Emergency Motion to Reduce Sentence" under 18 U.S.C. § 3582(c)(1)(A). Defendant states that his 79-year-old father, who lives in Karachi, Pakistan, is incapacitated and that defendant is the only available caregiver. Dkt. # 105. Defendant argues his release is therefore justified based on U.S.S.G. § 1B1.13(b)(3)(C) ("The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent") or U.S.S.G. § 1B1.13(b)(5) (a "catch-all" provision allowing defendant to show a "combination of circumstances" that are "similar in gravity" to other qualifying circumstances). Dkt. # 105 at 1, 22.

### 1.  Legal Framework

A defendant may petition the Court to reduce his sentence by filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010). Under Section 3582(c)(1), a court may reduce a sentence upon the defendant's motion if three conditions are met: (1) the defendant has either exhausted all administrative rights to appeal the BOP's failure to bring such a motion on the defendant's behalf or has waited until 30 days after the warden of the defendant's facility has received such a request; (2) the defendant has established "extraordinary and compelling reasons" for the requested sentence

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 3

reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. July 21, 2025). Among the applicable policy statements is U.S.S.G. § 1B1.13(a)(2), which states that a defendant seeking a reduction in sentence must show he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[2] If the defendant meets all three conditions, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining whether to grant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

### 2. Exhaustion of Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a prisoner may only file a motion for reduction in sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." The exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) constitutes "a mandatory claim-processing rule

---

[2] The Sentencing Commission revised its policy statement 1B1.13 effective November 2023, thereby mooting the portion of *United States v. Aruda* where the Ninth Circuit held that the policy statement was not "applicable" to a motion for compassionate release brought by a defendant directly to the Court. 993 F.3d 797, 802 (9th Cir. 2021). *See also Bryant*, 144 F.4th 1119, 1124 (9th Cir. July 21, 2025). Therefore, the policy statement is now binding on this Court. *Id*.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 4

that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Here, on July 21, 2025, defendant asked the warden of his detention facility to file a motion for compassionate release on his behalf, based on an allegedly improper calculation of defendant's FSA and SCA credits. Dkt. # 105-1 at 39–40. On Aug. 12, 2025, defendant sent the warden a "Supplemental Compassionate Release Request" indicating that his father had "become fully bedridden and requires 24/7 care." *Id.* at 41–42. On Aug. 28, 2025, less than thirty days after sending the warden his "Supplemental Compassionate Release Request" noting his father's health and caregiving needs, but more than thirty days after sending the warden his initial request based on allegedly improper calculation of FSA and SCA credits, defendant filed the "Emergency Motion to Reduce Sentence" that is now before this Court. Dkt. # 105.

The Government argues that defendant's Aug. 12, 2025 "Supplemental Compassionate Release Request" constituted "a new request that restarts the 30-day requirement," and that defendant then failed to comply with the thirty-day requirement by filing his "Emergency Motion to Reduce Sentence" with this Court on Aug. 28, 2025, only sixteen days after making his "Supplemental" request. Dkt. # 110 at 10. Defendant argues he was merely supplementing his earlier July 21, 2025 request with his Aug. 12, 2025 "Supplemental," and therefore the Court should view it all as "one request with multiple grounds, not two separate requests." Dkt. # 111 at 4. The Government has the better argument here. Defendant admits that his July 21, 2025 request and his Aug. 12, 2025 "Supplemental" each contain different "grounds" for granting

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 5

compassionate release. Dkt. # 111 at 4. The first ground was stated in defendant's July 21, 2025 request and involved allegedly improper calculation of defendant's FSA and SCA credits. Dkt. # 105-1 at 39–40. The second ground was stated in defendant's Aug. 12, 2025 "Supplemental" and involved defendant's claim that his father had "become fully bedridden and requires 24/7 care." *Id.* at 41–42. But defendant's "Emergency Motion to Reduce Sentence," which was filed with this Court on Aug. 28, 2025, "seeks relief solely based on" the grounds relating to the health and caregiving needs of defendant's father, not on the grounds relating to the allegedly improper calculation of defendant's FSA and SCA credits. Dkt. # 105 at 3. Thus, the warden at petitioner's facility was only given sixteen days, rather than the requisite thirty days, to consider the grounds for reduction in sentence that defendant is now "solely" arguing before this Court. *Id.*, § 3582(c)(1)(A).

The Government has properly raised the exhaustion issue and therefore the "mandatory" thirty days requirement "must be enforced" by this Court. *Keller*, 2 F.4th 1278 at 1282 (9th Cir. 2021). Although the Court is aware that far more than thirty days has now elapsed since defendant sent his "Supplemental" request to the warden at his facility, that does not resolve the situation in defendant's favor. Dkt. # 111 at 3–4. The problem remains that defendant filed his motion for compassionate release due to the health and caregiving needs of his father too soon after making his supplemental request (which is the only request defendant made to the warden at his facility containing those new grounds for his requested relief). The Government states that

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 6

by filing the current motion only sixteen days after requesting compassionate release based on his father's health and caregiving needs, defendant "has prevented BOP from addressing the request and developing an administrative record that would support this Court's review." Dkt. # 110 at 10:6–7. This argument is supported by *Keller*, 2 F.4th 1278 at 1283 (9th Cir. 2021), in which the court stated that the exhaustion rule "allow[s] the executive branch to carefully evaluate a claim in the first instance and possibly obviate the need for litigation *before* it begins." The Government's argument is further supported by BOP Program Statement 5050.50, which states that for compassionate release requests involving alleged incapacity of a family member where the inmate is the only available caregiver, the inmate should provide extensive supporting documentation to the warden so that the warden may adequately review the request. *See* https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

By sending the warden only a brief "Supplemental" request describing his father's health and caregiving needs on Aug. 12, 2025, and then, sixteen days later, filing a motion with this Court containing extensive documentation of the claim related to his father's health and caregiving needs, defendant has evaded the "mandatory claim-processing rule" that required him to wait thirty days before filing the motion. *Keller*, 2 F.4th 1278 at 1282-83 (9th Cir. 2021). The Court makes no findings as to whether this evasion was inadvertent or intentional on defendant's part, but the effect is that the executive branch has been deprived of the opportunity "to carefully

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 7

evaluate a claim in the first instance and possibly obviate the need for litigation *before* it begins." *Id*.

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. McGee*, 992 F.3d 1035, 1043 (9th Cir. 2021). Therefore, defendant's motion will be denied for failure to meet the exhaustion requirement in connection with defendant's request for compassionate release on grounds related to his father's health and caregiving needs. *Keller*, 2 F.4th 1278 at 1282-83 (9th Cir. 2021). The Court understands defendant's sense of urgency on this matter and wishes to make clear that defendant may file a new motion for compassionate release on grounds related to his father's health and caregiving needs immediately after meeting the "mandatory" exhaustion requirement. *Id*.

### 3. "Extraordinary and Compelling" Circumstances

Under § 3582(c)(1)(A)(i), a defendant must establish that "extraordinary and compelling reasons" warrant the requested reduction in sentence. Here, defendant argues that "extraordinary and compelling reasons" are shown by his family circumstances, specifically "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Dkt. # 105. The Court has already decided that defendant's motion will be denied due to his failure to meet the exhaustion requirement and therefore it need not consider whether defendant has successfully shown

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 8

"extraordinary and compelling reasons." *McGee*, 992 F.3d 1035 at 1043 (9th Cir. 2021). However, the Court has reviewed the briefing on this issue and notes that defendant has (1) not explained whether there are friends in his parents' community other than his siblings who would have the time and resources, either individually or collectively, to care for his father; (2) not shown that his parents could not hire someone to assist with his father's care; and (3) not shown that his family cannot, in the aggregate, afford help. Dkt. # 100 at 11:10–21. Any further motion for compassionate release from defendant should address these issues.

**III. Conclusion**

For all the foregoing reasons, defendant's "Emergency Motion to Reduce Sentence" (Dkt. # 105) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of December, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 9